Jacob SCHUURMAN and Federal Insurance Company, Plaintiffs-Appellants,

v.

The MOTOR VESSEL "BETTY K V", her engines, tackle, etc., in rem, and Doric Navigation, in personam, Defendants-Appellees.

No. 85–5065
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Sept. 3, 1986.

Schreiber & Rodon-Alvarez, P.A., Gerhardt A. Schreiber, Coral Gables, Fla., for plaintiffs-appellants.

Mitchell, Harris, Canning, Murray & Usich, P.A., C. Robert Murray, Miami, Fla., for defendants-appellees.

## CORRECTED OPINION

Before RONEY and HATCHETT, Circuit Judges, and HENDERSON [*], Senior Circuit Judge.

PER CURIAM:

This appeal presents an issue of importance to the filing of appeals in the Eleventh Circuit: When is a judgment that dismisses a complaint but allows a plaintiff a stated period within which he may amend the complaint final for purposes of appeal?

### FACTS

This admiralty action arose out of a collision which occurred in Bahamian territorial waters between plaintiff's yacht "Spendthrift," a vessel of Florida registry, and defendant's boat "Betty K V," a vessel of Panamanian registry.[1] The plaintiff

---

[*] See Rule 3(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

1. For ease of understanding, we will use "plaintiff" and "defendant" throughout this opinion.

brought this negligence claim in district court as a result of the sinking of the plaintiff's yacht due to the collision. The district court granted the defendant's motion to dismiss on the grounds that it lacked *in personam* jurisdiction over defendant Doric Navigation and lacked *in rem* jurisdiction over the defendant "Betty K V." As to Doric Navigation, owner of the "Betty K V," the court ruled that the plaintiff had not alleged sufficient facts to show that Doric Navigation, a non-resident defendant, was doing sufficient business in Florida to give rise to a cause of action based upon Florida's long-arm statute, Fla. Stat.Ann. § 48.181 (West 1969). As to the "Betty K V," the court ruled that the plaintiff had not shown that the parties agreed to the court's jurisdiction over the vessel, which plaintiff argued was established by the filing of a letter of undertaking in lieu of arrest. Upon granting the defendant's motion to dismiss, the district court allowed the plaintiff twenty days from the date of the order to amend the complaint. Plaintiff's motion for reconsideration was denied.

Plaintiff failed to amend the complaint within the twenty days allowed by the district court, but considering the district court's order denying reconsideration as a final order for appeal purposes, the plaintiff appealed to this court. The defendants assert that we are without jurisdiction because no final order exists.

### DISCUSSION

■ The plaintiff may always appear before the district court and ask that a final order of dismissal be entered, if necessary to ensure finality. If an appeal is taken from such a final order of dismissal, within the time limits provided by appellate rules, the appeal will be timely. That is not our concern in this case. Our concern is whether and under what circumstances a plaintiff may properly and timely take an appeal without requiring that the district court enter a final order of dismissal. Relying on *Borelli v. City of Reading*, 532 F.2d 950 (3d Cir.1976), the defendants contend that

the district court's order is not final. The *Borelli* court held that the dismissal of a complaint without prejudice is "an implicit invitation to amplify the complaint." 532 F.2d at 951.

Three cases serve as precedent for our consideration. First, in *United States v. Mayton*, 335 F.2d 153 (5th Cir.1964), the former Fifth Circuit allowed an appeal from a Federal Rule of Civil Procedure 12(b) dismissal for failure to state a claim, noting that "of course, an unsuccessful plaintiff may file an amended complaint to cure deficiencies. But we have held that this is permissive and need not be done to invest finality in the order of dismissal." 335 F.2d at 158 n. 12.

Likewise, in *United Steelworkers v. American International Aluminum Corp.*, 334 F.2d 147 (5th Cir.1964), the former Fifth Circuit found an order dismissing a complaint for lack of jurisdiction properly appealable, noting that since no other order was entered, it "put an end to the case." That court further noted that plaintiff "was entitled to treat the dismissal as final which it did. It was not required to formally disclaim any right to file an amended complaint." 334 F.2d at 150 n. 4.

Finally, our circuit held in *Czeremcha v. International Assoc. of Machinists and Aerospace Workers*, 724 F.2d 1552 (11th Cir.1984), that dismissal of a complaint, for lack of subject matter jurisdiction, was not a final order. In *Czeremcha*, we noted that the order "did not state that it also was dismissing the action or that the complaint could not be saved through amendment." 724 F.2d at 1555. In *Czeremcha*, we reasoned and held:

> Although the plaintiff does not have a right to amend as a matter of course after dismissal of the complaint, the dismissal itself does not automatically terminate the action unless the court holds either that no amendment is possible or that the dismissal of the complaint also constitutes a dismissal of the action.

724 F.2d at 1554 (footnotes omitted).

*Mayton* and *United Steelworkers* provided a plaintiff the choice either of pursuing

a permissive right to amend the complaint after dismissal or of treating the order as final and appealable. *See Czeremcha*, 724 F.2d at 1554. *Czeremcha* sought to protect the plaintiff from the situation in which his time to appeal begins to run absent an explicit indication that the dismissal is not curable. Consistent with these purposes, the standard we announce also protects a defendant as well as judicial resources from manipulative prolonging of suits.

The district court may rule that the dismissal explicitly terminates the action. *Czeremcha* holds that a dismissal will not automatically terminate an action when a complaint is dismissed, unless the court holds that no amendment is possible or that the dismissal of the complaint constitutes a dismissal of the action. 724 F.2d at 1554. Such an order is immediately appealable. Where this situation is intended the district court should clearly so indicate.

■■■ In dismissing the complaint, the district court may also provide for a stated period within which the plaintiff may amend the complaint. If the plaintiff does not amend the complaint within the time allowed, no amendment may be made absent leave of court, and the dismissal order becomes final at the end of the stated period. For appeal purposes, we hold that the order of dismissal in this situation becomes final upon the expiration of the time allowed for amendment. The time for appeal is measured from the date on which the district court order of dismissal becomes final. In this situation, the plaintiff need not wait until the expiration of the stated time in order to treat the dismissal as final, but may appeal prior to the expiration of the stated time period. Once the plaintiff chooses to appeal before the expiration of time allowed for amendment, however, the plaintiff waives the right to later amend the complaint, even if the time to amend has not yet expired.

This result prevents the impropriety of situations such as that presented to the Supreme Court in *Jung v. K. & D. Mining Co.*, 356 U.S. 335, 78 S.Ct. 764, 2 L.Ed.2d 806 (1958). In *Jung*, the district court granted a motion to dismiss plaintiffs' complaint for failure to state a claim upon which relief could be granted on May 10, 1955, and on May 27, 1955, granted plaintiffs leave to file an amended complaint within twenty days. Plaintiffs chose not to file an amended complaint: yet, on March 25, 1957, plaintiff filed "an instrument in the case in which they elected to stand on their first amended complaint." On that same day, the district court ordered the cause of action dismissed. On April 16, 1957, plaintiffs filed a notice of appeal "from final judgment entered in this action on March 25, 1957." Defendant argued that the appeal was untimely as the district court's judgment became final when the plaintiffs failed to amend their complaint within the twenty days granted on May 27, 1955. The Supreme Court held that the May 27, 1955, order granting further leave to plaintiffs to amend their complaint did not constitute the final judgment in the case. Rather, the March 25, 1957, order requiring the clerk to enter judgment in favor of the defendant constituted final judgment, and thus plaintiffs' appeal of April 16, 1957, was timely. In effect, the plaintiffs were given a period of almost two years to appeal the dismissal of their claim. The result would not have been any different had the plaintiffs waited even longer. The Court reasoned that the defendant or the district court *sua sponte* could have sought to have a final judgment entered after the expiration of the time permitted to amend the complaint. The Court concluded that "[t]he undesirability of useless delays in litigation is more than offset by the hazards of confusion or misunderstanding as to the time for appeal." 356 U.S. at 337, 78 S.Ct. at 766, 2 L.Ed.2d at 808.

The rule set forth herein averts the possibility of uncertainty as to whether the dismissal of a complaint constitutes a final judgment. It protects the plaintiff by putting in his hands the decision of whether or not to treat the dismissal of his complaint

as final, and simultaneously limits his ability to manipulate the rules.

■ The district court dismissed the plaintiff's complaint on July 26, 1984, allowing twenty days for amendment. The period allowed to amend ended on August 16, 1984. The plaintiff's filing of a motion for reconsideration did not affect the time for filing of the appeal. *See* Fed.R.App.P. 4(a)4.

■ Under the rule we announce in this opinion, the plaintiff's appeal would be untimely. The dismissal order would have become final on August 16, 1984. An appeal would have to have been filed within thirty days thereafter. We do not apply this new rule to this case. Consequently, because the dismissal never attained the status of a final order, plaintiff's January 16, 1985, notice of appeal was timely, and we find this case properly before us.

On the merits, we affirm the district court.

AFFIRMED.

HATCHETT, Circuit Judge, concurring:

I agree with the standard articulated by the majority, however, I write separately to address a third situation which may confront a plaintiff upon the dismissal of his complaint.

The third situation arises when the complaint is dismissed without prejudice or with leave to amend, but the district court fails to indicate the time within which an amendment may be made. I would hold that in order to appeal a dismissal of this type, the plaintiff must file notice of appeal within the time allowed by rule 4(a), Federal Rules of Appellate Procedure, measured from the date of the district court's order. The plaintiff's appeal of the dismissal would waive the right to later amend the complaint. I would also hold that after the time for appeal (usually thirty days) has elapsed, if the plaintiff has not chosen to treat the dismissal as a final order, no appeal from the dismissal may be taken. Further amendment of the complaint would

be untimely. Although a harsh rule, it would cure a difficult problem.

In the absence of such a holding, a dismissal which does not stipulate a time period within which the plaintiff may amend the complaint gives the plaintiff the ability to manipulate the courts and opposing parties. Where dismissal occurs without a time period within which to amend, a plaintiff may amend at any time thought fit, leaving defendants uncertain of whether they are in a lawsuit or not, and forcing defendants to at some point return to the district court for clarification of status. By inaction, a plaintiff, in this situation, may expand the time for amendment as well as the time for appeal far beyond the intent of the Federal Rules of Appellate Procedure. Obviously, district courts should avoid dismissals without clearly stating the time within which amendments may be made.