F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JUN 5 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

| | |
|---|---|
| JOHN STANFA, | |
| Petitioner-Appellant, | |
| v. | No. 00-3320 |
| | (D. Kan.) |
| J.W. BOOKER, Warden, USP Leavenworth, | (D.Ct. No. CV-97-3404-RDR) |
| Respondent-Appellee. | |

_____

**ORDER AND JUDGMENT**[*]

_____

Before **SEYMOUR**, **McKAY**, and **BRORBY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Appellant John Stanfa, a prisoner appearing *pro se*, appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. We exercise our jurisdiction under 28 U.S. § 2253(a) and affirm.

Mr. Stanfa, an inmate serving a life sentence at the United States Penitentiary in Leavenworth Kansas, filed a habeas corpus petition under § 2241 with the United States District Court for the District of Kansas. In his petition, Mr. Stanfa alleged the Bureau of Prisons lacked authority to impose a restitution and fine repayment schedule, pursuant to the sentencing judgment of the United States District Court for the Eastern District of Pennsylvania. Specifically, Mr. Stanfa alleged the sentencing court "lacked authority ... to delegate the scheduling of payment of [his] fine and restitution to the Bureau of Prisons" and that "the law does not permit courts to delegate the timing and amount of installment payment[s] for fines and restitution to the Bureau of Prisons." According to Mr. Stanfa, this improper delegation to the Bureau of Prisons denied him due process and equal protection.

The Kansas district court entered a Memorandum and Order holding that, to the extent Mr. Stanfa was challenging the sentencing court's order as an improper delegation, his action must be liberally viewed as a motion filed pursuant to 28

U.S.C. § 2255 and filed in the sentencing court. In so holding, the district court recognized a majority of circuit courts, including the Third Circuit, have determined that setting a restitution or fine payment schedule is a core judicial function which the district court may not delegate to a probation officer or the Bureau of Prisons. *See United States v. Coates*, 178 F.3d 681, 685 (3d Cir. 1999). Accordingly, the district court granted Mr. Stanfa a sixty-day period, or until November 20, 2000, to notify the district court as to whether he wanted to request a transfer of his claim to the sentencing court.

The district court also reviewed Mr. Stanfa's claim as alleging the Bureau of Prisons' collection of payments through a payment schedule under the Inmate Financial Responsibility Program ("Program") violated his constitutional rights. Pursuant to a thorough and lengthy discussion of Mr. Stanfa's claim and the applicable law, the district court determined this type of claim was properly brought under § 2241, but that the Bureau of Prisons' collection of payments under a payment schedule was not improper nor did it violate Mr. Stanfa's constitutional rights.

Mr. Stanfa did not file a request to transfer his petition to the United States District Court for the Eastern District of Pennsylvania. Before the sixty-day

period elapsed for filing for such a transfer, Mr. Stanfa filed his notice of appeal. In his appeal, Mr. Stanfa contends the district court misconstrued his claim because he is not challenging his sentence, but claiming "an unlawful exercise of authority by executive officials in executing the sentence as imposed by the sentencing court." In an attempt to succeed on appeal, Mr. Stanfa has restructured his argument and now claims he was not alleging the sentencing court improperly delegated its authority to the Bureau of Prisons, but that the Bureau of Prisons cannot impose a payment schedule because it received no express delegation from the sentencing court.[1]

We begin by addressing our jurisdiction in this matter.[2] As stated, Mr.

---

[1] Mr. Stanfa bases his appeal on the judgment itself. A review of the record shows the sentencing court used a form judgment, which provides four alternative choices or sections for the "Schedule of Payments." The sentencing court in this case "checked" the box which states Mr. Stanfa's fine and restitution payments "shall be paid ... in installments which the probation officer shall establish ... provided that the entire financial penalty is paid no later than 5 years after release from incarceration." As Mr. Stanfa points out on appeal, the sentencing court left "blank" the choice or section in which the sentencing court explicitly designates the amount and timing of monthly installments for such payments. The record further shows that the payment schedules for Mr. Stanfa's fine and restitution payments have been set by the Bureau of Prisons, and that while Mr. Stafa previously agreed to participate in the Program, he now refuses to make payments placing him in "refusal status."

[2] Pursuant to our request, both parties briefed the jurisdictional issue raised in this case. We previously reserved judgement on this issue, which we dispose of here.

Stanfa filed his notice of appeal before the period elapsed for filing his request for transfer of his petition with the district court. However, we determine the district court's decision became final November 20, 2000, when the sixty-day period for filing such a request expired. *See Lewis v. B.F. Goodrich Co.*, 850 F.2d 641, 642-43 & n.2 (10th Cir. 1988) (*en banc*) (relying on *Schuurman v. Motor Vessel "Betty K V,"* 798 F.2d 442, 445 (11th Cir. 1986)). Accordingly, although Mr. Stanfa's notice of appeal predated a final district court decision, we determine his premature notice of appeal ripened on November 20, 2000, when the district court's decision became final. *See Lewis*, 850 F.2d at 645. Moreover, his brief, filed November 20, 2000, was the functional equivalent of a notice of appeal required by Rule 3 of the Federal Rules of Appellate Procedure and followed a final decision. *See Smith v. Barry*, 502 U.S. 244, 248-49 (1992) ("If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal."); *see also* Fed. R. App. P. 3(a) & 4(a). Therefore, under either scenario, we have jurisdiction to review Mr. Stanfa's appeal.

Having determined our jurisdiction, we review the district court's denial of Mr. Stanfa's habeas corpus petition *de novo*. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A petition under 28 U.S.C. § 2241 attacks the execution of

a sentence rather than its validity and must be filed in the district where the prisoner is confined.... The exclusive remedy for testing the validity of a judgment and sentence ... is that provided for in 28 U.S.C. § 2255," and must be brought in the district court that sentenced the defendant. *Id.* at 166 (quotation marks and citations omitted).

Applying these principles and our standard of review, we have reviewed the record and conclude Mr. Stanfa's habeas corpus petition clearly implicates the validity, not the execution, of his sentence under 28 U.S.C. § 2255. This is because Mr. Stanfa's petition plainly challenges the sentencing court's delegation of authority to the Bureau of Prisons to determine that portion of his sentence dealing with his fine and restitution payment schedule. In so concluding, we note Mr. Stanfa's attempt to totally restructure his argument as a non-delegation argument for the purpose of succeeding on appeal is unavailing. We will not consider a new, secondary, or back-up theory mounted for the first time on appeal. *See Tele-Communications, Inc. v. Commissioner of Internal Revenue*, 104 F.3d 1229, 1233 (10th Cir. 1997).

Proceeding with Mr. Stanfa's delegation argument presented in his petition, we agree with the district court's conclusion that the Third Circuit, which has

jurisdiction over § 2255 claims filed in the United States District Court for the Eastern District of Pennsylvania, has expressly addressed this issue. The Third Circuit has determined that the Victim and Witness Protection Act, 18 U.S.C. § 3663(f)(1) (1982), vests sole authority in the district courts to specify the manner and schedule of restitution, and that the delegation of this responsibility to a probation officer or the Bureau of Prisons is inappropriate. *See United States v. Graham*, 72 F.3d 352, 357 (3d Cir. 1995), *cert. denied*, 516 U.S. 1183 (1996). As a result, we conclude the district court did not err in liberally construing Mr. Stanfa's petition as raising a cogent issue reviewable under § 2255 by the sentencing court, and then providing Mr. Stanfa an opportunity to transfer his petition to the United States District Court for the Eastern District of Pennsylvania for its review.

Having determined the issue raised by Mr. Stanfa concerning the scheduling of his payments is within the ambit of § 2255, we conclude his § 2241 claim that the Bureau of Prisons is improperly imposing a schedule to collect fine and restitution payments lacks merit. In the absence of a successful challenge to the validity of the underlying sentencing court's order delegating such authority, we cannot say the Bureau of Prison's use of a collection schedule is improper or

that Mr. Stanfa's argument raises a colorable constitutional claim.[3]

For these reasons, and substantially the same reasons in the district court's Memorandum and Order dated September 20, 2000, we **AFFIRM** the district court's judgment.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

---

[3] Indeed, in his reply brief, Mr. Stanfa states he does not challenge or dispute the constitutionality of the Program.