[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-15286
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cv-01593-ODE

MONICA R. WATTS,

Plaintiff - Appellant,

versus

FORD MOTOR COMPANY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 24, 2013)

Before CARNES, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Monica Watts appeals the district court's dismissal of her complaint for

failure to state a claim.   She contends that the district court misapplied the

pleading standard of Federal Rule of Civil Procedure 8, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

## I.

Watts, an African-American woman, started working for Ford Motor Company in 2000 as a product development engineer in Ford's college graduate program.[1]  She was quickly promoted, and in 2003 she transferred to the position of customer relations manager in the Atlanta office.  Watts' job title later changed to "zone manager," but she retained the same duties.  In December 2007 she received the second-highest possible rating — "Excellent Plus" — on her annual performance review.

Around July 2008 Ford implemented a reduction in force, relying solely on seniority to determine which employees to terminate.  Watts kept her job.  In August, she received another "Excellent Plus" rating on her performance review.  Then in October Ford announced that it was planning to implement a second reduction in force.  This time, however, Ford would decide who to fire based on a combination of seniority and performance reviews.  On December 15, 2008, Watts' two supervisors, who are both white men, downgraded her performance review from "Excellent Plus" to "Excellent."  That was a lower rating than David

[1] Because we are reviewing the district court's dismissal of Watts' complaint for failure to state a claim, we accept as true the factual allegations in her complaint and construe them in the light most favorable to her.  Butler v. Sheriff of Palm Beach Cnty., 685 F.3d 1261, 1265 (11th Cir. 2012).

Loflin, a white male zone manager with less seniority than Watts, received. Because of the lower rating, Watts was selected for termination as part of the reduction in force instead of Loflin.

Watts filed a lawsuit against Ford contending that her supervisors downgraded her performance review resulting in her termination because of her: (1) race, in violation of Title VII and 42 U.S.C. § 1981, (2) gender, in violation of Title VII, and (3) a combination of her race and gender, in violation of Title VII. Ford moved to dismiss, contending that:  (1) Watts' complaint does not contain plausible factual allegations showing that she is entitled to relief; and (2) Watts failed to exhaust her remedies with the EEOC with respect to the claims of gender discrimination and discrimination based on a combination of her race and gender. A magistrate judge recommended granting Ford's motion on the grounds that Watts' complaint did not contain plausible factual allegations showing that she is entitled to relief, and the district court adopted in full the magistrate judge's report and recommendation and dismissed Watts' complaint without prejudice.[2]  This is Watts' appeal.

## II.

---

[2] The dismissal of Watts' complaint without prejudice operates as a dismissal with prejudice because Watts filed this appeal instead of amending her complaint within the time provided to her by the district court.  See Schuurman v. Motor Vessel Betty K V, 798 F.2d 442, 445 (11th Cir. 1986) ("[If] the plaintiff chooses to appeal before the expiration of time allowed for amendment . . . the plaintiff waives the right to later amend the complaint, even if the time to amend has not yet expired.").

We review de novo the district court's order granting a motion to dismiss, accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Young Apartments, Inc. v. Town of Jupiter, Fla., 529 F.3d 1027, 1037 (11th Cir. 2008). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). In addition, the factual allegations in the complaint must "plausibly suggest an entitlement to relief." Id. at 681, 129 S.Ct. at 1951.

## III.

### A.

Watts' complaint pleaded the following allegations to support her claims of intentional discrimination: (1) Ford "announced that it would implement [a second] reduction in force and rely on performance and seniority" to determine which employees to terminate; (2) Watts' white supervisors "downgraded [her] performance review in order to select her for termination in the reduction in force" instead of David Loflin, a white male with less seniority than Watts, even though

4

Watts "performed her duties in a manner consistent [with] or better than Loflin performed his duties"; and (3) they did that because of her race, gender, and a combination of her race and gender. The district court found that all of those allegations were conclusory, stating: "Although evidence of [Watts'] performance downgrade might suggest intent to discriminate, [she] gives the [c]ourt no facts whatsoever about her performance other than she received a rating she personally believed should have been higher and that she personally believed she did a better job than her co-worker Loflin, who received a higher rating." The court then cast aside Watts' remaining allegations as "legal conclusions" and dismissed Watts' complaint.

That was error. The allegations in Watts' complaint are not merely "[t]hreadbare recitals of the elements" of a Title VII claim. See Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949. Nor are they "legal conclusions." "They are non-conclusory descriptions of specific, discrete facts of the who, what, when, and where variety." Feliciano v. City of Miami Beach, 707 F.3d 1244, 1253 (11th Cir. 2013). They provide specific facts that, if true, plausibly show that Watts is entitled to relief. That is all that Rule 8 requires, and the district court erred by requiring more. See Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short an plain statement of the claim showing that the pleader is entitled to relief. . . .").

5

Ford contends that Watts' complaint does not state a plausible claim that she is entitled to relief because Ford made a plant-wide decision to include job performance as a factor in deciding who to terminate in the reduction in force, which was a legitimate business decision, not unlawful discrimination. That may be so. But Watts' complaint, viewed in the light most favorable to her, supports the inference that her two white supervisors knew that performance would be a factor in determining who would be laid off and, armed with that knowledge, decided to downgrade Watts' performance review so that she would be terminated instead of a white man. That is enough to state a plausible claim that Watts is entitled to relief.[3] Whether that claim will withstand discovery and a motion for summary judgment remains to be seen.

### B.

Ford contends that even if Watts' complaint states a plausible claim that she is entitled to relief on her race discrimination claims, her other two claims — discrimination because of her gender and a combination of her race and gender — should be dismissed because she failed to exhaust her remedies with the EEOC with respect to those claims. The district court did not reach that issue, and we

---

[3] Because we conclude that the district court erred by granting Ford's motion to dismiss, we do not need to address Watts' argument that it was an abuse of discretion to dismiss Watts' complaint without prejudice instead of granting her leave to amend her complaint.

6

leave it to the district court to decide on remand whether Watts exhausted her remedies with respect to those two claims.

**VACATED AND REMANDED**.