[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11147
Non-Argument Calendar
_____

D.C. Docket No. 6:05-cv-01806-GAP-DAB

RENEE BELL,

Plaintiff-Appellant,

versus

FLORIDA HIGHWAY PATROL,
LARRY COSTANZO,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 11, 2014)

Before MARTIN, ROSENBAUM and ANDERSON, Circuit Judges.

PER CURIAM:

Renee Bell, proceeding pro se, appeals the district court's denial of her motion seeking leave to file a fourth amended complaint and her motion for reconsideration of that order. Bell argues here that the district court erred in deciding she had waived her right to file an amended pleading by appealing the dismissal of her third amended complaint. After careful review, we affirm.

## I.

Bell filed this action in December 2005 against her employer, the Florida Highway Patrol (FHP), and supervisor, Larry Costanzo. She alleged that the FHP and Costanzo had defamed her, retaliated against her for filing a worker's compensation claim, and violated her rights under the Family Medical Leave Act. The district court dismissed Bell's first and second amended complaints for failure to comply with Federal Rules of Civil Procedure 8 and 10. In October 2009, the district court found that Bell's third amended complaint was similarly deficient and dismissed her complaint with leave to amend within twenty days of that order. Bell appealed, and this Court affirmed in May 2012. Bell v. Fla. Highway Patrol, 476 F. App'x 856, 857 (11th Cir. 2012) (per curiam).

In November 2013, the district court granted Bell leave to file a fourth amended complaint. FHP moved for reconsideration of that order, arguing that pursuant to Schuurman v. Motor Vessel Betty K V, 798 F.2d 442 (11th Cir. 1986) (per curiam), Bell had waived the right to further amend her complaint by

appealing the dismissal of her third amended complaint.  The district court granted

FHP's motion for reconsideration, vacating its earlier order and stating that it had

been unaware of Schuurman.  It also denied Bell's motion for reconsideration that

followed.  Bell now asks us to reverse both the district court's denial of her motion

seeking leave to file a fourth amended complaint and its denial of her motion for

reconsideration of that order.

## II.

A district court's decision to grant or deny leave to amend a pleading is

reviewed for abuse of discretion.  Garfield v. NDC Health Corp., 466 F.3d 1255,

1270 (11th Cir. 2006).  Similarly, a district court's denial of a motion for

reconsideration is also reviewed for an abuse of discretion.  Toole v. Baxter

Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000).  The only grounds for

granting a motion for reconsideration are newly-discovered evidence or manifest

errors of law or fact.[1]  Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (per

curiam) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir.1999)) (applying

Fed. R. Civ. P. 59(e)).

---

[1] "A post-judgment motion may be treated as made pursuant to either Fed. R. Civ. P.  59 or 60—
regardless of how the motion is styled by the movant—depending on the type of relief sought."
Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) (per curiam).  Because Bell's motion
sought reconsideration of an order denying leave to amend, was made within 28 days of the
order, and argued that the order contained errors of law, it "is properly characterized as a Rule
59(e) motion to alter or amend the judgment, rather than a Rule 60 motion for relief from the
judgment." See, e.g., id.; Finch v. City of Vernon, 845 F.2d 256, 258–59 (11th Cir. 1988) (per
curiam).

Generally, leave to amend a complaint should be "freely given." McKinley v. Kaplan, 177 F.3d 1253, 1258 (11th Cir. 1999) (per curiam) (quotation omitted). Additionally, an order dismissing a complaint is not final and appealable unless the order dismisses the entire action or holds that the complaint could not be saved by amendment. Briehler v. City of Miami, 926 F.2d 1001, 1002 (11th Cir. 1991) (per curiam). However, in Schuurman, we explained that an order dismissing a complaint with leave to amend becomes a final decision if the plaintiff elects to file an appeal rather than an amended complaint. Schuurman, 798 F.2d at 445. Once a plaintiff chooses to appeal, he also waives the right to later amend his complaint. Id.; see also McKusick v. City of Melbourne, Fla., 96 F.3d 478, 482 n.2 (11th Cir. 1996). Such a rule both "protects the plaintiff by putting in his hands the decision of whether or not to treat the dismissal of his complaint as final, and simultaneously limits his ability to manipulate the rules." Schuurman, 798 F.2d at 445–46.

The district court did not abuse its discretion in granting FHP's motion for reconsideration and denying Bell leave to file a fourth amended complaint. Its initial order granting Bell leave to file a fourth amended complaint overlooked the fact that she had waived her right to amend when she appealed the dismissal of her third amended complaint. Schuurman, 798 F.2d at 445; see also Briehler, 926 F.2d at 1003 ("On the other hand, where a plaintiff chooses to waive the right to amend,

4

there is nothing left for the district court to do and the order therefore becomes final."). Thus, the district court's overlooking <u>Schuurman</u> constituted a "manifest error of law," justifying its decision to vacate its initial order. <u>See</u> <u>Arthur</u>, 500 F.3d at 1343.

Neither did the district court abuse its discretion in denying Bell's subsequent motion for reconsideration, because she did not present any newly discovered evidence or identify any errors of law or fact. <u>See</u> <u>id.</u>

**AFFIRMED.**