[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10976
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-00561-TWT

TERRENCE STEVENS,

Plaintiff-Appellant,

versus

PLUMBERS AND PIPEFITTERS LOCAL 219, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 18, 2020)

Before MARTIN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Terrence Stevens, proceeding pro se, appeals the dismissal of his amended

complaint alleging wrongful denial of pension and annuity benefits.  Because the

district court correctly determined that Stevens waived the right to amend his complaint, we affirm.

## I

Terrence Stevens worked in the plumbing and pipefitting industry as a member of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry, Local Union No. 219 of the United States and Canada, AFL-CIO ("Local 219"). In 1981, Stevens suffered an injury on the job that left him partially disabled, and, in 1985, he ended his relationship with Local 219. In 2012, Stevens applied for pension and annuity benefits with the administrator of Local 219's pension and annuity funds. However, Stevens discovered that his pension payments were much lower than what he expected, and he also learned that he would not receive any annuity payments.

Stevens filed a pro se complaint against eighteen defendants, including Local 219, the Local 219 Pension and Annuity Funds, the board of trustees for those funds, various individual trustees, the third-party administrator of the Pension Fund, and PNC Vested Interest, which Stevens alleged managed the Annuity Fund's assets. He brought claims under the Employee Retirement Income Security Act of 1974 ("ERISA") and 42 U.S.C. § 1983 for violations of his civil rights, and alleged a "scheme . . . to deny [Stevens] retirement benefits." The district court dismissed Stevens's ERISA claims without prejudice and granted

leave to amend.  But with regard to Stevens's section 1983 claim, the court dismissed it with prejudice.  The court reasoned that section 1983 "provides a remedy against persons who, acting under the color of state law, deprive the injured party of his rights under federal law," and here the various defendants were neither "arms of the state" nor "act[ing] under the color of state law."

Instead of first amending his ERISA claims, Stevens appealed the district court's order to this Court.  Before affirming the district court's order dismissing his section 1983 claim with prejudice, this Court considered whether that order was final and appealable such that we had jurisdiction.  Stevens v. Plumbers & Pipefitters Local 219, 812 F. App'x 815, 818 (11th Cir. 2020) (per curiam) (unpublished).  The panel observed that although an order dismissing a complaint with leave to amend is not final until the time allowed for amendment expires, a plaintiff can waive the right to amend by appealing the order before the time to amend expires.  Id.  The appeal renders the order final.  Id.  Stevens's panel held that "[b]y appealing the district court's dismissal of his complaint before filing an amended complaint, Stevens caused the district court's dismissal order to become a final, appealable order."  Id.  "[A]s a consequence . . . , Stevens waived his right to amend his ERISA claims."  Id.

While Stevens's appeal was pending in this Court, he amended his complaint, and the defendants again moved to dismiss.  The district court

3

dismissed the complaint because "prior to filing his Amended Complaint, [Stevens] appealed the Court's dismissal of his Section 1983 claim" and "[b]y doing so, [he] treated the dismissal of the ERISA claims as final and waived his right to amend." This is Stevens's appeal of that ruling.

## II

We review de novo a district court's order granting a Rule 12(b)(6) motion to dismiss. Cisneros v. Petland, Inc., 972 F.3d 1204, 1210 (11th Cir. 2020).

When a district court dismisses a complaint with leave to amend, the court's order ordinarily becomes final and appealable when the time for amendment expires. Garfield v. NDC Health Corp., 466 F.3d 1255, 1260 (11th Cir. 2006). Nevertheless, a "plaintiff need not wait until the expiration of the stated time in order to treat the dismissal as final, but may appeal prior to the expiration of the stated time period." Schuurman v. Motor Vessel "Betty K V", 798 F.2d 442, 445 (11th Cir. 1986) (per curiam). By appealing, a plaintiff "waives the right to later amend the complaint." Id. This rule avoids "the possibility of uncertainty as to whether the dismissal of a complaint constitutes a final judgment," and also limits a plaintiff's ability to "manipulate the rules." Id. at 445–46.

Our Court previously applied this waiver rule in Stevens's first appeal. We held that his appeal "caused the district court's dismissal order to become a final, appealable order," thereby "waiv[ing] [Stevens's] right to amend his ERISA

4

claims." Stevens, 812 F. App'x at 818. Under the "law of the case" doctrine, this holding is "binding in all subsequent proceedings in the same case in the trial court or on a later appeal." This That & the Other Gift & Tobacco, Inc. v. Cobb County, 439 F.3d 1275, 1283 (11th Cir. 2006) (per curiam) (quotation marks omitted). The law of the case doctrine "bars relitigation of issues that were decided either explicitly or by necessary implication." Id. (quotation marks omitted). And the law of the case doctrine binds us for questions of law unless (1) "since the prior decision, new and substantially different evidence is produced, or there has been a change in the controlling authority," or (2) "the prior decision was clearly erroneous and would result in a manifest injustice." Id. (quotation marks omitted).

Stevens has not argued that we are excused from applying the law of the case doctrine. We are otherwise aware of no reason why we would not be bound by this Court's holding from his first appeal. Under the first prong of This That & the Other, our Court has not changed its waiver rule since we decided Stevens's first appeal earlier this year. See, e.g., Bourassa v. Dozier, ___ F. App'x ___, 2020 WL 6122755, at *2 n.1 (11th Cir. Oct. 19, 2020) (per curiam) (unpublished) ("Bourassa has waived any right to amend by appealing the dismissal order."). Under the second prong, our prior holding was not clearly erroneous. The district court gave Stevens leave to amend his ERISA claims, but he appealed to this Court on April 12, 2019 before he filed his amended complaint on April 29. Applying

5

the waiver rule, Stevens forfeited the right to amend his complaint.  <u>Schuurman</u>, 798 F.2d at 445.

The law of the case doctrine makes our prior holding from Stevens's first appeal binding upon us.  The district court correctly dismissed the amended complaint on the ground that Stevens waived the right to amend.

**AFFIRMED.**