[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-12168

Non-Argument Calendar

_____

TAMIKO N. PEELE,
individually on behalf of herself,

                                                    Plaintiff-Appellant,

*versus*

JONES DAY,
and its associate BRIAN M. TRUJILLO, in
their individual and official capacity,
OPENSKY,
a division of Capital Bank, N.A.,
EXPERIAN INFORMATION SOLUTIONS INC.,
TRANS UNION, LLC,
DOES 1-3,

2                    Opinion of the Court                    23-12168

inclusive in their individual capacity, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:23-cv-14005-KMM

_____

Before JORDAN, JILL PRYOR and BRASHER, Circuit Judges.

PER CURIAM:

Upon our review of the record and the parties' responses to the jurisdictional question, this appeal is DISMISSED for lack of jurisdiction.

First, the notice of appeal is untimely to bring up for review the district court's April 26, 2023 order dismissing Tamiko Peele's complaint with leave to amend and any earlier order. The district court's order became a final judgment on May 22, 2023—when the time for amendment expired—so the 30-day statutory time period required Peele to file a notice of appeal by June 21, 2023. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A); *Schuurman v. Motor Vessel "Betty K V"*, 798 F.2d 442, 445 (11th Cir. 1986) (explaining that when a district court dismisses a complaint with leave to amend within a specified time period, the dismissal order becomes final

upon expiration of the time for amendment, and the time to appeal is measured from that date); *Fogade v. ENB Revocable Tr.*, 263 F.3d 1274, 1286 n.9 (11th Cir. 2001). However, Peele did not file the notice of appeal until June 30, 2023, so it is untimely and cannot invoke our appellate jurisdiction to review the district court's April 26, 2023 order or any earlier order. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010).

Second, while Peele's notice of appeal is timely as to the magistrate judge's June 2, 2023 postjudgment order, we lack jurisdiction to directly review a magistrate judge's order. *See Donovan v. Sarasota Concrete Co.*, 693 F.2d 1061, 1066-67 (11th Cir. 1982) (explaining that a magistrate judge's orders issued pursuant to 28 U.S.C. § 636(b) are not final and may not be appealed until rendered final by a district court); *United States v. Schultz*, 565 F.3d 1353, 1359 (11th Cir. 2009). Peele did not object to the magistrate judge's order or otherwise ask the district court to review it, so we lack jurisdiction to consider it now. *See id.*