[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12949

Non-Argument Calendar

_____

HAROLD JEAN-BAPTISTE,

Plaintiff-Appellant,

*versus*

PUBLIX SUPER MARKETS, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cv-23181-RNS

_____

Before JILL PRYOR, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Harold Jean-Baptiste, proceeding *pro se*, appeals the district court's order dismissing his civil rights complaint without prejudice as a shotgun pleading and directing him to file an amended complaint. After review, we affirm.

## I.    Background

Jean-Baptiste filed a *pro se* complaint against Publix Supermarkets, Inc., alleging that he was bringing the complaint under 42 U.S.C. §§ 1981, 1983, 1985, 1986; 21 U.S.C. §§ 342(a), 343, 350g, 246, and "lack care of duty, Ninth Amendment, negligence, [and] cruel and human rights violations." In his complaint, he alleged that he went to the Miami University Hospital on June 30, 2023, due to an unexplained spike in his blood pressure after drinking from a Smartwater bottle that he purchased from a Publix Supermarket in Miami, Florida. He was admitted to the hospital, and claimed that a special agent with the FBI at the hospital told hospital staff "not [to] inform[] [Jean-Baptiste] of the toxic substance in his system." He maintained that the FBI agent's presence and actions at the hospital "implie[d] complicity" and demonstrated that the FBI was targeting him with Publix's help and tampered with the last two water bottles on the shelf, which Jean-Baptiste purchased. He asserted that the FBI was targeting him because of past lawsuits he had filed against the FBI.

In a section labeled "Violations of Laws," Jean-Baptiste alleged in a conclusory manner that Publix violated his civil rights, human rights, was negligent, willfully ran a store with contaminated food, willfully mislabeled food, failed to evaluate the hazards of the food in its store, failed to prevent illegal activity, and treated him unfairly based on his race, color, and national origin, constituting harassment and retaliation. He requested declaratory relief and compensatory and punitive damages.

The district court *sua sponte* struck the complaint as an impermissible shotgun pleading and directed Jean-Baptiste to file an amended complaint. The district court explained the deficiencies in the complaint and what Jean-Baptiste needed to do to fix them.[1] However, rather than file an amended complaint, Jean-Baptiste filed a notice of appeal.

## II.     Discussion

Although Jean-Baptiste does not expressly address the dismissal of the complaint on shotgun pleading grounds, he argues generally that the district court misapplied the law and erred in dismissing his complaint, and that the dismissal denied him his

---

[1] Minutes before the district court issued the dismissal order, Jean-Baptiste filed an amended complaint that was identical to the original. The district court issued a paperless order striking this complaint, noting that it was filed minutes before the court issued the dismissal order on shotgun pleading grounds, and again directed Jean-Baptiste to correct the identified deficiencies and file an amended complaint.

opportunity to present his case to the courts.  We disagree for the reasons set forth below.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quotations omitted).  "A district court has the inherent authority to control its docket and ensure the prompt resolution of lawsuits, which includes the ability to dismiss a complaint on shotgun pleading grounds."  *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quotations omitted).  We review the district court's dismissal for abuse of discretion.  *Id.* at 1294.

"A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).  Rule 8 requires that the complaint set forth "a short and plain statement of the claim" demonstrating an entitlement to relief, and Rule 10 requires that a plaintiff "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 8(a)(2) and 10(b).  Rule 10 further provides that each claim be stated in separate counts "[i]f doing so would promote clarity."  *Id.* R. 10(b).  As we have previously explained, there are approximately four types of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1321 (11th Cir. 2015).

> The most common type—by a long shot—is a complaint containing multiple counts where each

count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321–23 (footnotes omitted).

We have repeatedly condemned the use of shotgun pleadings. *See Barmapov*, 986 F.3d at 1324; *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). And we have explained that where a party files a shotgun pleading, "the district court should strike the pleading and instruct [the party] to replead the case . . . even when the other party does not move to strike the pleading." *Jackson v. Bank of Am.*, 898 F.3d 1348, 1357–58 (11th Cir. 2018) (quotations omitted); *see also Woldeab v. DeKalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291–92 (11th Cir. 2018) (explaining that generally, where a more

carefully drafted complaint might state a claim, the district court abuses its discretion if it does not provide a *pro se* plaintiff at least one opportunity to amend before the court dismisses with prejudice). In dismissing the improper shotgun pleading, the district court should explain how the pleading violated the shotgun rule so that the plaintiff can remedy those issues in his next pleading. *Vibe Micro*, 878 F.3d at 1296.

Here, the district court did not abuse its discretion in dismissing the complaint without prejudice as a shotgun pleading and directing Jean-Baptiste to file an amended complaint. The complaint was a shotgun pleading because it contained conclusory, vague, and immaterial facts that were not obviously connected to a particular count. *Weiland*, 792 F.3d at 1321–23 (explaining that one type of shotgun pleading is one that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"). The complaint also improperly listed, within a single paragraph, numerous causes of action in violation of Rules 8 and 10. Therefore, the district court properly dismissed the complaint without prejudice, identified the deficiencies and explained how to correct them, and provided Jean-Baptiste an opportunity to amend as required. *See Jackson*, 898 F.3d at 1357–58; *Vibe Micro*, 878 F.3d at 1296.

Jean-Baptiste chose to appeal instead of amend the complaint, thereby waiving his right to amend. *See Schurrman v. Motor Vessel Betty K V*, 798 F.2d 442, 445 (11th Cir. 1986) ("Once the plaintiff chooses to appeal before the expiration of time allowed for

23-12949                Opinion of the Court                        7

amendment, however, the plaintiff waives the right to later amend the complaint, even if the time to amend has not yet expired."); *see also Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1244 n.1 (11th Cir. 2005) (same).  Accordingly, the district court did not abuse its discretion, and we affirm.

**AFFIRMED.**