**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-13242

Non-Argument Calendar

_____

KENNETH SHERMAN,

*Plaintiff-Appellant,*

*versus*

VICE PRESIDENT OF THE UNITED STATES OF AMERICA,

PRESIDENT OF THE UNITED STATES,

FLORIDA DEPARTMENT OF CORRECTIONS,

a government department,

FLORIDA ATTORNEY GENERAL,

*Defendants-Appellees.*

_____

Appeal from the United States District Court

for the Middle District of Florida

D.C. Docket No. 3:24-cv-01158-WWB-MCR

_____

Before ROSENBAUM, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Kenneth Sherman, Jr., an inmate proceeding pro se, appeals the dismissal of his civil action. On March 28, 2025, the district court entered an order dismissing Sherman's complaint and informing him that: (1) if he wished to proceed, he had to file a proper amended complaint within 30 days of the date of the order; and (2) failure to timely file an amended complaint could result in dismissal of the action. On May 22, the court entered an order dismissing the action because Sherman failed to file an amended complaint and did not seek an extension to do so. The court entered judgment on May 23.

Sherman dated his notice of appeal September 11, 2025. Because there is not contrary evidence, his notice of appeal is deemed to have been delivered to prison officials, and thus filed, on that date. *See Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (explaining that under the prison mailbox rule, a pro se prisoner's notice of appeal is deemed filed on the date he delivers it to prison authorities for mailing and if that date is not known, and there is not contrary evidence, we assume that he delivered it on the day that he signed it).

The district court's March 28 dismissal order became final at the end of the 30-day period during which Sherman could amend his complaint, which was April 28, 2025. *Schuurman v. Motor Vessel Betty K V*, 798 F.2d 442, 445 (11th Cir. 1986) (explaining that when a district court dismisses a complaint with leave to amend, "[i]f the plaintiff does not amend the complaint within the time allowed, . .

25-13242               Opinion of the Court                3

. the dismissal order becomes final at the end of the stated period"); Fed. R. App. P. 26(a)(1) (providing that if the last day of a period is a Saturday, Sunday, or legal holiday, then the period continues to run until the first day that is not a Saturday, Sunday, or legal holiday). Therefore, the time to appeal began on April 28, and Sherman had 60 days, or until June 27, to file a timely notice of appeal. *See Schuurman*, 798 F.2d at 445 ("The time for appeal is measured from the date on which the . . . order of dismissal becomes final."); 28 U.S.C. § 2107(b) (providing that a notice of appeal in a civil case must be filed within 60 days after the judgment or order appealed from is entered if one of the parties is a federal party). Because he did not file his notice of appeal until September 11, the notice is untimely. Therefore, we lack jurisdiction over the appeal. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010) (explaining that the timely filing of a notice of appeal is a jurisdictional requirement in civil cases).

Accordingly, this appeal is DISMISSED, sua sponte, for lack of jurisdiction.