**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12309

Non-Argument Calendar

_____

STEPHEN LYNCH MURRAY,

*Plaintiff-Appellant,*

*versus*

PHIL ARCHER,
  a natural person,
CHRIS SPROWLS,
  a natural person,
OKEECHOBEE COUNTY SHERIFF'S OFFICE,
  an entity,
GOVERNOR OF THE STATE OF FLORIDA,
  a natural person,
PINELLAS COUNTY SHERIFF'S OFFICE,
  an entity,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:21-cv-14355-JEM

_____

Before BRASHER, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Stephen Murray, proceeding pro se, appeals the district court's denial of his motion for leave to amend and motion to vacate. The district court held that Murray's motions were an improper attempt to revive several claims that it had previously dismissed. Murray argues that the district court misrepresented his allegations, disregarded his testimony, and failed to provide notice of his opportunity to request leave to amend. We **AFFIRM**.

**I.**

This appeal is the second Murray has brought concerning an alleged conspiracy by Florida officials and two sheriff's offices to deprive him of his First Amendment rights. After Murray filed his complaint, the district court dismissed it for being an improper shotgun pleading. The district court advised Murray to file an amended complaint within twenty days, or it would dismiss his case with prejudice. Murray declined to do so and appealed instead. We affirmed the district court's dismissal, holding that Murray's complaint was a shotgun pleading. *See Murray v. Archer*, No. 22-13155, 2023 WL 6381523 (11th Cir. Oct. 2, 2023).

Two years after the deadline to amend had passed, Murray moved for leave to file an amended complaint. He argued that he was not given adequate notice of the deadline to amend and that his complaint had never been dismissed with prejudice. Murray also filed a motion to vacate under Federal Rule of Civil Procedure 60(d)(3), arguing that newly discovered documents provided evidence that the defendants had perpetrated a "fraud on the Court." Doc. 90 at 2.

The magistrate recommended denying Murray's motions because each was "an improper attempt to resuscitate his case after Judge Martinez dismissed his complaint and the Eleventh Circuit affirmed on appeal." Doc. 94 at 3. First, the magistrate concluded that Murray's motion for leave to amend, coming two years after the deadline, was untimely and without good cause. Second, the magistrate concluded that Murray's motion to vacate "largely rehashes his original complaint" and failed to prove that the defendants had perpetrated a fraud on the court. *Id.* at 6. The district court adopted the magistrate's recommendations in full, denied Murray's motions, and closed his case.

Murray appealed. While this appeal was pending, he also filed a motion to compel discovery.

## II.

We review the denial of a motion to amend a complaint for abuse of discretion. *Fla. Evergreen Foliage v. E.I. DuPont De Nemours & Co.*, 470 F.3d 1036, 1040 (11th Cir. 2006). We review the denial of a Rule 60(d)(3) motion for abuse of discretion. *See Cox Nuclear*

*Pharmacy, Inc. v. CTI, Inc.*, 478 F.3d 1303, 1314 (11th Cir. 2007). We will find an abuse of discretion only if the district court applies the wrong legal standard, follows improper procedures, bases its decision on clearly erroneous findings of fact, or applies the law in an unreasonable or incorrect manner. *Loc. 703, I.B. of T. Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.*, 762 F.3d 1248, 1253 (11th Cir. 2014).

### III.

Murray makes three main arguments in support of his motion to amend and motion to vacate. First, he argues that the district court made a series of factual errors in dismissing his claims. Second, he asserts that he was not given "clear notice" that the district court was dismissing his claims with prejudice. Third, he argues that there is new evidence that Florida officials concealed documents from the court, resulting in a fraud on the court. In response, the Florida officials and sheriff's offices argue that the district court properly denied Murray's motions to amend and to vacate. They also request that we impose a prescreening requirement on Murray's future filings.

The district court did not abuse its discretion in denying Murray's motion to amend. His motion largely recapitulated the complaint and objected to its dismissal, but a party has no right to revive dismissed counts through a motion to amend. Under the law of the case doctrine, courts may not revisit issues that were decided explicitly or by implication in a prior appeal. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1291 (11th Cir. 2005). We have already

held that the district court properly dismissed Murray's complaint. *Murray*, 2023 WL 6381523, at *3. Therefore, the district court rightly did not permit Murray to relitigate that decision.

Murray's contention that he lacked notice of the dismissal with prejudice is meritless. When the district court dismissed Murray's complaint, it clearly cautioned him that "failure to file an amended complaint within 20 days of this Order may result in dismissal of Plaintiff's case with prejudice without further notice." Doc. 73. We recognized that, when Murray appealed prior to that deadline, he had "declined the opportunity to amend." *Murray*, 2023 WL 6381523, at *3. Once again, this explicit holding is binding as law of the case. *Schiavo*, 403 F.3d at 1291.

Murray's decision to appeal has consequences. Because Murray chose to appeal before the expiration of time allowed for amendment, he waived the right to later amend his complaint. *Schuurman v. Motor Vessel Betty K V*, 798 F.2d 442, 445 (11th Cir. 1986). Although courts have discretion to grant amendments, Murray's motion to amend came two years after the deadline. *See S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009) (lack of diligence forecloses granting a motion for leave to amend). Considering his decision to appeal and lack of diligence in moving to amend, the district court did not abuse its discretion in denying Murray's motion to amend his complaint.

The district court also did not abuse its discretion in denying Murray's motion to vacate. To set aside a judgment for fraud on the court, a movant must establish fraud by clear and convincing

evidence. *Mills v. Comm'r, Alabama Dep't of Corr.*, 102 F.4th 1235, 1239-40 (11th Cir.), *cert. denied sub nom. Mills v. Hamm*, 144 S. Ct. 2600, 219 L. Ed. 2d 1251 (2024). This demanding standard requires the movant prove that the alleged fraud is "highly probable." *Id.* at 1240. Murray's motion does not clear this bar. Murray contends that pertinent documents were not revealed to the court, but non-disclosure of allegedly pertinent facts ordinarily does not rise to the level of fraud on the court. *See Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir.1978).[1] As the magistrate judge correctly found, the motion was "full of conclusory and unsupported averments, as well as attachments that seemingly have no connection to his allegations." Doc. 94 at 6. Murray has not proven the existence of fraud by clear and convincing evidence.

Because we affirm the district court's denial of Murray's motions to amend and vacate, and thus its decision to close his case, we also deny his motion to compel discovery as moot.

Finally, there remains the question of the prescreening requirement. "We do not here design the kind of injunction that would be appropriate in this case. Considerable discretion necessarily is reposed in the district court." *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986). Should Murray file again in the future,

---

[1] All decisions of the Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding precedent in this Circuit. *Bonner v. City of Pritchard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

25-12309               Opinion of the Court                 7

the defendants are free to request the district court impose pre-screening requirements in the first instance.

## IV.

**AFFIRMED.**