926 F.2d 1001
 18 Fed.R.Serv.3d 1469
 Roy P. BRIEHLER, Plaintiff-Appellant,
v.
CITY OF MIAMI, a Fla. Municipal Corp., Xavier Suarez,
individually & as Mayor for the City of Miami, Cesar H.
Odio, individually & as Mgr. for the City of Miami,
Rouse-Miami, Inc., a Maryland Corp., Bayside Center Limited
Partnership, a ltd. partnership, Maryland, with sole general
partner being: Rouse-Miami, Inc., Armando Codina, Natan
Rok, Ignacio Garcia, Garth Reeves, & Ron Frazier, James
Rouse, James Dausch, Mathias J. Devito, Joule Yacht
Transport Inc., Richard Joule, and William Joule,
Defendants-Appellees.
 No. 90-5708.
 United States Court of Appeals,
Eleventh Circuit.
 Feb. 20, 1991.
 
 Roy Briehler, Trenton, N.J., for plaintiff-appellant.
 Marlene K. Silverman, Alan H. Rolnick, Miami, Fla., for defendants-appellees.
 Appeal from the United States District Court for the Southern District of Florida.
 Before FAY, KRAVITCH and BIRCH, Circuit Judges.
 
 BY THE COURT:
 
 1
 Roy P. Briehler filed a complaint alleging various counts against a number of defendants, including Rouse-Miami, Inc. and Bayside Center Limited Partnership (collectively the "Bayside Appellees").[1] On July 24, 1990, the district court dismissed counts II, III, IV, and V with prejudice. The court dismissed the two remaining counts (counts I and VI) with leave to amend, but did not specify a time by which Briehler was to amend. On August 22, 1990, Briehler filed a notice of appeal to this court stating:
 
 
 2
 Notice is hereby given that plaintiff ROY P. BRIEHLER hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the Order Granting Motion to Dismiss Counts 2, 3, 4, and 5 of plaintiff's complaint with prejudice, entered in this action on the 24th. [sic] day of July, 1990.
 
 
 3
 After an initial review of the record, this court, sua sponte, asked the parties to address the issue of whether or not the district court's order is final and appealable. We hold that it is.
 
 
 4
 An order dismissing a complaint is not final and appealable unless the order holds that it dismisses the entire action or that the complaint could not be saved by amendment. Czeremcha v. International Ass'n of Machinists and Aerospace Workers, AFL-CIO, 724 F.2d 1552, 1554-55 (11th Cir.1984). In Schuurman v. Motor Vessel "Betty K V", 798 F.2d 442, 445 (11th Cir.1986), however, this court held that where an order dismisses a complaint with leave to amend within a specified period, the order becomes final (and therefore appealable) when the time period allowed for amendment expires. This case falls between these two rules because the district court gave leave to amend on two counts, but did not specify a time limit.
 
 
 5
 In Czeremcha, the plaintiff filed a complaint basing subject matter jurisdiction on the National Labor Relations Act ("NLRA"). On December 23, 1982, the district court dismissed the complaint for lack of subject matter jurisdiction, stating that jurisdiction was properly based on the Railway Labor Act ("RLA"), not the NLRA. On January 4, 1983, pursuant to Rule 15 of the Federal Rules of Civil Procedure, the plaintiff moved for leave to amend the complaint to allege jurisdiction under the RLA. The district court denied the motion on March 10, 1983. On April 8, 1983, the plaintiff filed a notice of appeal.
 
 
 6
 The defendant argued that the plaintiff's April 8, 1983 notice of appeal was not timely because it was not made within thirty days of the dismissal of the complaint. See Fed.R.App.P. 4(a). In rejecting that argument, this court held that a dismissal of a complaint is not final and appealable "unless the court holds either that no amendment is possible or that the dismissal of the complaint also constitutes dismissal of the action." Czeremcha, 724 F.2d at 1554. Therefore, the order was not final until the plaintiff's motion for leave to amend was denied.
 
 
 7
 In Czeremcha, however, the court noted that the predecessor to this court "has indicated that a plaintiff has the choice either of pursuing a permissive right to amend a complaint after dismissal or of treating the order as final and filing for appeal." Id. (citing United States v. Mayton, 335 F.2d 153, 158 n. 12 (5th Cir.1964);[2] United Steelworkers v. American Int'l Aluminum Corp., 334 F.2d 147, 150 n. 4 (5th Cir.1964)). We conclude that this choice was available to Briehler in this case. Although the district court gave Briehler leave to amend his complaint, the court in no way required amendment. Thus, if Briehler chose not to amend, there was nothing left for the district court to do and the court's order of dismissal became final when Briehler filed his notice of appeal.
 
 
 8
 The Bayside Appellees argue, however, that even under the rule enunciated above, the order is not final because Briehler's notice of appeal states only that Briehler appeals from the district court's "Order Granting Motion to Dismiss Counts 2, 3, 4, and 5 of plaintiff's complaint with prejudice," and does not state that he is appealing the dismissal with leave to amend of counts I and VI. Although Briehler's notice of appeal is not precise as to its scope, in answer to this court's jurisdictional question Briehler made clear that he did not intend to amend his complaint. Thus, Briehler obviously has chosen to appeal rather than exercise his right to amend.
 
 
 9
 Our result in this case is consistent with our holding in Schuurman. In Schuurman, we held that an order dismissing a complaint with a specified time for amendment became final at the time the amendment period expired. We further noted that a plaintiff need not wait until the time expires, but can treat the dismissal as final and file a notice of appeal before the expiration of the amendment period. In so doing, however, the plaintiff waives the right to later amend. Schuurman, 798 F.2d at 445; see also Connecticut Nat'l Bank v. Fluor Corp., 808 F.2d 957, 960-61 (2d Cir.1987) (appellant's unequivocal statement at oral argument that no further amendments would be made was sufficient to cure nonfinal nature of dismissal with leave to amend).
 
 
 10
 We believe our holding in this case is fair to both parties. The rule recognizes that a dismissal with leave to amend is not final and appealable, and therefore a plaintiff who attempts to amend would not later be time-barred from appealing. See Czeremcha, 724 F.2d at 1554-55. On the other hand, where a plaintiff chooses to waive the right to amend, there is nothing left for the district court to do and the order therefore becomes final. The rule is also fair to defendants. If a defendant fears that a plaintiff will unduly prolong litigation by filing amended complaints far into the future, the defendant can move that the district court enter final judgment.
 
 
 11
 In accordance with the above reasoning, we hold that the district court's order is final and appealable and that Briehler has waived his right to amend any portions of his complaint. This court has jurisdiction and the appeal may proceed.
 
 
 12
 IT IS SO ORDERED.
 
 
 
 [1]
 Although Briehler's complaint listed many defendants, only the Bayside Appellees were properly served. The time has expired for Briehler to serve any additional parties, and therefore the Bayside Appellees are the only defendants in the case
 
 
 [2]
 In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir.1981) (en banc ), the Eleventh Circuit Court of Appeals adopted as precedent the decisions of the former Fifth Circuit issued before October 1, 1981