[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2010
JOHN LEY
CLERK

_____

No. 09-13790
Non-Argument Calendar

_____

D. C. Docket No. 08-02006-CV-T-27-EAJ

CHRISTINE E. MARFUT,

Plaintiff-Appellant,

versus

CITY OF NORTH PORT, FLORIDA,
a municipal corporation,
NELSON-HESSE LAW OFFICE,
ROBERT K. ROBINSON,
DANIEL GUARNIERI,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 16, 2010)

Before DUBINA, Chief Judge, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Appellant Christine Marfut is proceeding *pro se* from the district court's dismissal of her civil complaint raising multiple claims that the City of North Port, Florida, the Nelson Hesse Law Firm, and Robert K. Robinson and Daniel Guarnieri, attorneys at that law firm, violated her rights under the Constitution and several federal statutes when it imposed and attempted to collect fines on various properties she owned. This appeal indisputably covers the district court's denial of Marfut's motion, which the district court construed as a motion to re-open the case and reconsider dismissal. The appellees argue that we lack jurisdiction to consider two previous orders of the district court: (1) an order dismissing with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6) four counts of her complaint, alleging violations of 15 U.S.C. §§ 1692-1692p, and 18 U.S.C. §§ 1341, 1951, 1346, and ordering Marfut to file an amended complaint as to the remaining counts; and (2) a subsequent order dismissing without prejudice the remainder of the counts, alleging violations of the Fourth and Eighth Amendments, civil rights violations, and violations of 18 U.S.C §§ 1961-1968, for failure to follow court orders and for lack of prosecution pursuant to a local court rule.

Marfut argues that the district court erred in dismissing three of the four counts with prejudice because her complaint asserted valid legal claims of mail

2

fraud, 18 U.S.C. § 1341, the right to honest services, 18 U.S.C. § 1346, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p.  She also argues that the district court erred in dismissing the remainder of her case without prejudice because she did respond to the court's orders, and she did prosecute her case.  Finally, she asserts that the court erred by not reconsidering its dismissal of the case.

## I.  Jurisdiction over underlying dismissals of the complaint

"[We have] held that where an order dismisses a complaint with leave to amend within a specified period, the order becomes final (and therefore appealable) when the time period allowed for amendment expires."  *Briehler v. City of Miami*, 926 F.2d 1001, 1002 (11th Cir.1991).  A notice of appeal in a civil case must be filed within 30 days after the judgment or order appealed from is entered.  Fed. R. App. P. 4(a)(1)(A).  When the district court fails to enter a separate judgment pursuant to Fed. R. Civ. P. 58, the time to appeal begins when "150 days have run from" the order's entry in the civil docket, which gives an appellant in a civil case 180 days to file a notice of appeal.  Fed. R. App. P. 4(a)(7); Fed. R. Civ. P. 58.  We liberally construe notices of appeal to allow the appeal of orders not specifically designated in the notice "where it is clear that the overriding intent was effectively to appeal."  *KH Outdoor*, *LLC v. City of Trussville,* 465

3

F.3d 1256, 1260 (11th Cir. 2006).

After reviewing the record, we conclude that the dismissal with prejudice became final upon the expiration of the time periods the district court granted Marfut to amend the complaint. We further conclude that Marfut's notice of appeal was filed within 180 days from the date of finality for each of the previous orders, and therefore was a timely appeal of both previous orders because the district court did not enter separate judgments. Further, it is clear from her arguments on appeal that Marfut's intent was to appeal both such orders. Therefore, we have jurisdiction to review the orders.

## II. Dismissals with prejudice under Fed. R. Civ. P. 12(b)(6)

On appeal,

> We review de novo the district court's grant of a motion to dismiss under Fed. R. Civ. P[ ] 12(b)(6) for failure to state a claim, accepting the factual allegations in the complaint as true and construing them in the light most favorable to the plaintiff. Dismissal is appropriate where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint.

*Glover v. Liggett Group, Inc.* 459 F.3d 1304, 1308 (11th Cir. 2006) (internal citation omitted).

In the FDCPA, a "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are

primarily for personal, family, or household purposes, whether or not such obligation has been reduced to a judgment." 15 U.S.C. § 1692a(5). As we held in *Hawthorne v. Mac Adjustment, Inc.*,

> the FDCPA may be triggered only when an obligation to pay arises out of a specified "transaction." Although the statute does not define the term . . . "transaction" necessarily implies some type of business dealing between parties. . . . [A]t a minimum, a "transaction" under the FDCPA must involve some kind of business dealing or other consensual obligation.

140 F.3d 1367, 1371 (11th Cir. 1998). Further, the debts must originate in a consumer transaction, meaning that the parties have negotiated or contracted for consumer-related goods or services. *Id.* (holding that a monetary obligation arising from a tort suit is not a debt under the FDCPA).

There is no private cause of action under 18 U.S.C. § 1341, a criminal statute prohibiting mail fraud. *Bell v. Health-Mor Inc.*, 549 F.2d 342, 346 (5th Cir.1977). Further, 18 U.S.C. § 1346, a criminal statute prohibiting the fraudulent deprivation of the intangible right of honest services, also defines a criminal violation and does not provide a private right of action. *See Donald Frederick Evans and Assoc., Inc. v. Continental Homes, Inc.,* 785 F.2d 897, 912-13 (11th Cir. 1986) (acknowledging that a private right of action cannot be inferred from a criminal statute that does not indicate a private right of action is allowed). *See also Shotz v. City of Plantation, Fla.,* 344 F.3d 1161, 1167 n.7 (11th Cir. 2003) (stating "language . . . found in

5

criminal statutes . . . is usually not sufficient to confer a federal right").

A review of the record and consideration of the parties' briefs reveal that the district court did not err in dismissing the contested counts with prejudice. Because this case does not involve a "debt" under the FDCPA, and the other claims do not allow a private right of action, we conclude that none of the contested counts asserted a valid legal claim, and the district court properly dismissed them with prejudice.

### III. Dismissals without prejudice for failure to follow court orders and failure to prosecute

"The court's power to dismiss a cause is an inherent aspect of its authority to enforce its orders and insure prompt disposition of law suits. The standard of review on appeal from the dismissal of a lawsuit is abuse of discretion." *Dynes v. Army Air Force Exch. Serv.,* 720 F.2d 1495, 1499 (11th Cir. 1983) (internal quotation marks and citation omitted). Because the abuse-of-discretion standard allows a "range of choice" for the district court, if no clear error of judgment has been demonstrated, we must affirm. *In re Rasbury*, 24 F.3d 159, 168-69 (11th Cir. 1994).

A district court's dismissal of a case with prejudice is viewed differently than a dismissal without prejudice. Although a dismissal with prejudice requires a showing of willful noncompliance with court orders such that a lesser sanction

6

would not suffice, a dismissal without prejudice will be upheld even though the case did not involve a series of violations of court rules or orders. *Compare Betty K Agencies, Ltd. v. M/V* MONADA, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (holding that dismissal with prejudice is an extreme sanction requiring precise findings by the district court of willful violation) *with Dynes,* 720 F.2d at 1499 (holding that a dismissal without prejudice under Fed. R. Civ. P. 41(b) was not an abuse of discretion when the plaintiff failed to file a brief of an issue within the 30 days allotted, even though this was the plaintiff's only failure to file requested papers in the two years of litigation).

Because the record demonstrates that the district court did not clearly err in determining that Marfut had failed to respond to the court's orders and had failed to prosecute her case, we conclude that the district court did not abuse its discretion in dismissing the remainder of the case without prejudice.

## IV. Denial of construed motion to re-open case and reconsider dismissal

"We review a district court's denial of a motion for reconsideration for abuse of discretion." *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1254 (11th Cir. 2007) (holding that the district court's denial of a motion for reconsideration was not an abuse of discretion when the record supported the district court's grant of summary judgment). *See also Cliff v. Payco Gen. Am. Credits, Inc.,* 363 F.3d

1113, 1133 (11th Cir. 2004) (holding that the district court's denial of a motion for reconsideration was not an abuse of discretion when the court had already properly decided the issue).

Because the district court correctly dismissed the case, and since Marfut presented no new support for her motion, we conclude that the district court did not abuse its discretion in denying the pleading which it construed as a motion to re-open the case and reconsider dismissal.

## *Conclusion*

We affirm the orders of the district court dismissing Marfut's civil complaint and denying her motion to reconsider.

**AFFIRMED.**