[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10336
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-22590-KMM,
Bkcy No. 11-17890-AJC

In re: MARIA E. MACIAS,

Debtor.
_____

MARIA MACIAS,

Plaintiff - Appellant,

versus

DREW M. DILLWORTH,
Chapter 7 Trustee,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 1, 2013)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Maria Macias, the debtor in a Chapter 7 bankruptcy proceeding, appeals the district court's order affirming the bankruptcy court's disposition of an adversary proceeding brought by Drew Dillworth as trustee of Macias's estate. After careful review, we affirm.

## I.

Macias filed for bankruptcy protection in March 2011, and the bankruptcy court appointed Dillworth as trustee (the Trustee). On October 28 of that year, the Trustee filed an adversary proceeding against Macias, contending she made a post-petition transfer to her husband of a tax refund she received in violation of 11 U.S.C. § 727(a). Three days later, the bankruptcy court clerk issued a summons to Macias, requiring that she respond to the complaint within 30 days. Macias received copies of the summons and complaint on November 19.

On December 1, because Macias had not responded, the Trustee filed a motion for entry of default, which the clerk entered. On December 5, the Trustee filed a motion for entry of default judgment, which the bankruptcy court granted the following day. Also on December 5, however, Macias (then proceeding pro se) filed a motion to dismiss the complaint. The motion was filed after the default judgment was entered, so Macias filed a motion to vacate the judgment, arguing

2

that, "prior to November 19th, 2011, [she] had no notification that a summons and complaint had been filed against her." The bankruptcy court convened a hearing on the matter, where Macias argued she should not have been subject to a default judgment because she answered within 30 days of receiving the summons, which she thought was the appropriate deadline.

After the hearing, the bankruptcy court concluded Macias had presented nothing that would legally entitle her to vacatur of the default judgment. Out of an abundance of caution, however, the court offered to reconsider that conclusion if (1) an attorney filed an appearance within 7 days on Macias's behalf, presenting a valid reason the claim should go to trial, and (2) the attorney was able to proceed to trial within 14 days.

Rather than seeking trial-ready counsel, Macias filed a notice of appeal of that order. She obtained counsel for her appeal to the district court and argued the bankruptcy court should have granted the motion to vacate because she showed "excusable neglect . . . ." Fed. R. Civ. P. 60(b)(1).[1] She also asserted the bankruptcy court violated her right to proceed pro se when it required her to obtain

---

[1] The Federal Rules of Bankruptcy Procedure incorporate Rule 60. See Fed. R. Bankr. P. 9024.

counsel to go to trial.  The district court upheld the bankruptcy court's decision.
This is Macias's appeal.[2]

## II.

"In a bankruptcy appeal, we sit as the second court of review of the bankruptcy court's judgment."  In re Piazza, 719 F.3d 1253, 1260 (11th Cir. 2013). "Like the district court, we review a bankruptcy court's findings of fact for clear error and its conclusions of law de novo."  Id.  Although Macias styled her motion as a motion to vacate, the proper method for attacking a default judgment is by way of a motion to set aside under Federal Rule of Civil Procedure 55(c).  That rule permits a court to set aside a default judgment for any reason listed in Rule 60(b), including "excusable neglect . . . ."  Fed. R. Civ. P. 55(c), 60(b)(1).  We review the denial of a motion to set aside for an abuse of discretion.  See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 398, 113 S. Ct. 1489, 1500 (1993).  This standard "requires us to affirm unless we find that the [trial] court has made a clear error of judgment, or has applied the wrong legal standard."

---

[2]  After the parties briefed the issues in this case, we issued a jurisdictional question, asking whether the district court's order affirming the bankruptcy court's disposition of the motion to vacate was an appealable decision.  We conclude that we have jurisdiction to entertain Macias's appeal because the bankruptcy court's order denying Macias's motion to vacate became final when the time period to fulfill the bankruptcy court's conditions for continuing the case ended. See Briehler v. City of Miami, 926 F.2d 1001, 1002 (11th Cir. 1991) ("[W]here an order dismisses a complaint with leave to amend within a specified period, the order becomes final (and therefore appealable) when the time period allowed for amendment expires.").

Robinson v. Tyson Foods, Inc., 595 F.3d 1269, 1273 (11th Cir. 2010) (internal

quotation marks omitted).

### III.

Here, Macias first argues that the district court applied the wrong standard

for determining whether she showed excusable neglect.[3] "[F]or purposes of Rule

60(b), 'excusable neglect' is understood to encompass situations in which the

failure to comply with a filing deadline is attributable to negligence." Pioneer Inv.

Servs. Co., 507 U.S. at 394, 113 S. Ct. at 1497. To establish excusable neglect, a

defaulting party must show: "(1) it had a meritorious defense that might have

affected the outcome; (2) granting the motion would not result in prejudice to the

non-defaulting party; and (3) a good reason existed for failing to reply to the

complaint." In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir.

2003) (internal quotation marks omitted). The test is, however, "at bottom an

equitable one, taking account of all relevant circumstances surrounding the party's

omission." Pioneer Inv. Servs., 507 U.S. at 395, 113 S. Ct. at 1498. "These

include . . . the danger of prejudice to the [non-movant], the length of delay and its

---

[3] The Trustee contends Macias abandoned any argument that the default judgment should be vacated for excusable neglect because she failed to make the argument before the bankruptcy court. But Macias proceeded pro se in the bankruptcy court, so we liberally construe the arguments she made. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972). True, Macias did not cite Rule 60(b) in her motion to dismiss the Trustee's complaint or during the court's hearing on her motion to vacate. She did, however, contend that her late filing was excusable because she thought she was filing within the applicable 30-day time period. That argument was sufficient to preserve the issue.

potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id.

Macias argues the bankruptcy court applied the test we set forth in In re Worldwide Web Systems and improperly ignored the Supreme Court's equitable test established in Pioneer. She says the Pioneer test governs, and that she satisfied that test because it contains no requirement that she assert a meritorious defense to the adversary proceeding. But as we expressly acknowledged in In re Worldwide Web Systems, Pioneer "d[id] not alter the fact that a determination of excusable neglect is an equitable one that necessarily involves consideration of all three elements—a meritorious defense, prejudice, and a good reason for not responding to the complaint." 328 F.3d at 1297. Rather, Pioneer simply emphasized the importance of efficient judicial administration and the presence or absence of prejudice to the nonmoving party. Id.; see Pioneer Inv. Servs., 507 U.S. at 395, 113 S. Ct. at 1498 (discussing relevant considerations).

In other words, our three-part test governs this case. [4] And the bankruptcy court made clear that Macias failed to meet the first of these three requirements — a meritorious defense that might have affected the outcome. Throughout the

---

[4] Macias also contends the district court erred in relying primarily on In re Worldwide Web Systems. But just as it was appropriate for the bankruptcy court to rely on the meritorious defense part of our test, it was also correct for the district court to do so in conducting its review.

hearing, the court discussed at length with Macias what sort of evidence she had that might excuse her from liability. Ultimately, the court said, Macias's arguments amounted only to "a lot of gibberish and incompetent machinations . . . ." We cannot say the bankruptcy court abused its discretion in coming to this conclusion. And, based on its determination that Macias failed to satisfy the first prong of our test for excusable neglect, the court was not required to go further.

Macias argues as well the bankruptcy court denied her the right to represent herself in her bankruptcy proceeding in violation of 28 U.S.C. § 1654.[5] She contends the district court improperly required her to obtain counsel to proceed to trial. Although it is true the court required Macias to hire a lawyer to get to a trial, the court did so as a second-chance offering. The court merely offered her the chance to revive her defense by having an attorney bring to the court's attention something that would suggest she had a meritorious defense. However, the court was never presented with anything to change its ultimate decision that Macias had not satisfied the requirements to have the default judgment against her vacated. That the court offered Macias the opportunity to secure counsel did not violate any right she had to proceed pro se.

---

[5] Here again, the Trustee argues Macias abandoned this argument, asserting she only cited an alleged constitutional violation in her appeal to the district court. This is not true — Macias expressly cited and quoted § 1654 in her brief to the district court. She has, however, abandoned her claim that the bankruptcy court somehow violated her constitutional right by requiring her to obtain a lawyer to proceed to trial. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (explaining that issues not briefed on appeal are deemed abandoned).

7

For these reasons, the order of the district court upholding the bankruptcy court's denial of Macias's motion to vacate is

**AFFIRMED.**