[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11446
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-00561-TWT

TERRENCE STEVENS,

Plaintiff - Appellant,

versus

PLUMBERS AND PIPEFITTERS LOCAL 219, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 27, 2020)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Terrence Stevens, proceeding pro se, appeals the dismissal of his 42 U.S.C. § 1983 civil rights claim alleging he was denied pension and annuity benefits on account of his race.  The district court held that Stevens improperly brought his § 1983 claim against individuals and entities that cannot plausibly be characterized as state actors and dismissed his claim with prejudice.  After careful consideration, we affirm the district court's dismissal of Stevens's § 1983 claim.

## I.

Stevens, an African American, is a former member of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry, Local Union No. 219 of the United States and Canada, AFL-CIO ("Local 219").  Stevens worked for various contractors in the pipefitting and plumbing industries from 1975 until 1985.  He alleges that those contractors contributed on his behalf to the Plumbing and Pipe Fitting Industry Local 219 Pension Fund (the "Pension Fund") and the Plumbing and Pipe Fitting Industry Local 219 Annuity Fund (the "Annuity Fund") (together, the "Funds").

In September 2012, Stevens called the Funds' third-party benefits administrator, Compensation Programs of Ohio, Inc., to apply for retirement benefits.[1]  Stevens says that during that phone call, he was told he would receive

---

[1] Mr. Stevens says Compensation Programs of Ohio is a predecessor of defendant BeneSys, Inc. ("BeneSys").

approximately $1200.00 per month in pension payments and $2700.00 per month in annuity payments. But when Stevens received his benefits paperwork, he learned that his pension benefits would be significantly lower, and that he would not receive annuity benefits at all.

From 2014 through 2017, Stevens challenged the Funds' determination of his benefit amount. For instance, in 2014 he hired an attorney to request that the Pension Fund turn over documents pertaining to his retirement account. And in 2016, Stevens hired an actuary to calculate his retirement benefits, who arrived at a benefits calculation substantially higher than the Funds' calculation. Stevens sent the actuary's findings to the Funds along with letters demanding that the Funds recalculate his benefits. Stevens also lodged complaints with various federal agencies, including the Department of Labor, the Department of Justice, and the Internal Revenue Service, asking that they investigate the Funds. Despite Stevens's efforts, the Pension Fund refused his request to recalculate his benefits and the Annuity Fund denied having any record showing that Stevens had an account.

On February 6, 2018, Stevens filed a complaint naming 18 defendants, including: Local 219; the Pension Fund; the Annuity Fund; 12 individuals identified as plan administrators or trustees for the Funds; BeneSys; and PNC

Bank, National Association ("PNC").[2]  In Counts I through V of the complaint, Stevens alleges several violations of the Employee Retirement Income Security Act of 1974 ("ERISA").  In Count VI, Stevens brings a civil rights claim under 42 U.S.C. § 1983, alleging the defendants "conspired to deny [him] access to his retirement benefits" on account of his race.  With the exception of PNC, all defendants are charged in each of the six counts.[3]  The complaint attaches almost 200 pages in exhibits.

Because Stevens sought to proceed in forma pauperis, his complaint was subject to a frivolity review under 28 U.S.C. § 1915(e)(2).  The district court determined that it "cannot say that the Plaintiff has no possible claim for relief," and allowed Stevens's complaint to proceed.  The defendants then moved to dismiss Stevens's complaint for a failure to state a claim.  The district court granted the motions to dismiss, holding that Stevens's complaint was an impermissible shotgun pleading because it brought every claim against multiple defendants without specifying how each defendant caused Stevens harm.  The

---

[2] Appellees point out that Stevens's complaint misnames several defendants.  Based on a review of the record and the briefing in this matter, we construe (1) defendant "Plumbers and Pipefitters Local 219" to refer to Local 219; (2) defendants "Plumbers and Pipefitters Local 219 Pension Fund" and "Plumbers and Pipefitters Local 219 Industry Pension Trust Fund" to refer to the Pension Fund; (3) defendant "Plumbers and Pipe Fitters Local 219 Industry Trust Fund" to refer to the Annuity Fund; (4) defendant "Benesys" to refer to BeneSys, Inc.; and (5) defendant "PNC Vested Interest" to refer to PNC Bank, National Association.

[3] PNC is not charged in Counts I, II, and V.

court therefore dismissed Counts I through V (Stevens's ERISA claims) without prejudice and gave Stevens 30 days to amend his complaint. With respect to Count VI, Stevens's § 1983 claim, the court held that Stevens had alleged civil rights violations against individuals and entities that could not plausibly be characterized as state actors. It thus dismissed Stevens's § 1983 claim with prejudice. The court's dismissal order was dated March 26, 2019.

Stevens did not immediately file an amended complaint. Instead, on April 8, 2019, he filed a pro se notice of appeal. The notice said that the "Order being Appealed" by Stevens was "Order of the Honorable Judge Thomas W. Thrash dismissing with prejudice Plaintiff's Count VI, 42 [U.S.C.] Section 1983 claim herein." On April 29, 2019, Stevens filed an amended complaint, alleging causes of action under multiple sections of ERISA, 42 U.S.C. § 1983, and Ohio law.

On appeal, Stevens argues the district court erred in dismissing his § 1983 claim because (1) the court already determined Stevens stated a claim under § 1983 as part of its frivolity review; and (2) after the court deemed his complaint an improper shotgun pleading, he should have been entitled to one opportunity to replead his § 1983 claim. This is Stevens's appeal.

## II.

We review de novo the dismissal of a complaint, accepting all allegations in the complaint as true and construing them in the light most favorable to the

plaintiff.  Culverhouse v. Paulson & Co., 813 F.3d 991, 993 (11th Cir. 2016).

"Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129

S. Ct. 1937, 1949 (2009).  A plaintiff must plausibly allege all elements of the

claim for relief.  Feldman v. Am. Dawn, Inc., 849 F.3d 1333, 1339 (11th Cir.

2017).  The plausibility threshold is met when the facts alleged allow the court to

draw the reasonable inference that the defendant is liable for the claims alleged.

Simpson v. Sanderson Farms, Inc., 744 F.3d 702, 708 (11th Cir. 2014).  Finally,

we give liberal construction to pro se pleadings.  Dixon v. Hodges, 887 F.3d 1235,

1237 (11th Cir. 2018) (per curiam).

### III.

Before deciding the merits of Stevens's appeal, we must first address our

jurisdiction.  After Stevens filed his notice of appeal, we posed two jurisdictional

questions to the parties: (1) whether Stevens's filing of this appeal renders the

district court's dismissal order final and appealable; and (2) whether Stevens

appeals his § 1983 claim, his ERISA claims, or both.  We address each in turn.

A. The Dismissal Order

When a district court orders the dismissal of a complaint but provides leave

to amend within a specified period of time, the dismissal order "becomes final (and

therefore appealable) when the time period allowed for amendment expires."

Garfield v. NDC Health Corp., 466 F.3d 1255, 1260 (11th Cir. 2006) (quotation marks omitted).  However, "the plaintiff need not wait until the expiration of the stated time in order to treat the dismissal as final, but may [instead] appeal prior to the expiration of the stated time period."  Schuurman v. Motor Vessel "Betty K V", 798 F.2d 442, 445 (11th Cir. 1986) (per curiam).  By filing an appeal prior to amending his complaint, the plaintiff "elect[s] to stand" on his original complaint and "waive[s] [his] right to further amendment."  Garfield, 466 F.3d at 1260–61; see also Briehler v. City of Miami, 926 F.2d 1001, 1003 (11th Cir. 1991) (per curiam) ("[W]here a plaintiff chooses to waive the right to amend, there is nothing left for the district court to do and the [dismissal] order therefore becomes final").

By appealing the district court's dismissal of his complaint before filing an amended complaint, Stevens caused the district court's dismissal order to become a final, appealable order.  Garfield, 466 F.3d at 1260–61.  This court therefore has jurisdiction over Stevens's appeal.  Id.  But as a consequence of appealing the dismissal order, Stevens waived his right to amend his ERISA claims.[4] Schuurman, 798 F.2d at 445 ("Once the plaintiff chooses to appeal before the

---

[4] Because Stevens's ERISA claims were dismissed without prejudice, the fact that Stevens waived amendment of his complaint does not preclude him from refiling his ERISA claims in a new action.

7

expiration of time allowed for amendment . . . the plaintiff waives the right to later amend the complaint . . . .").[5]

### B.  Stevens's Notice of Appeal

Federal Rule of Appellate Procedure 3(c)(1)(B) provides that a "notice of appeal must . . . designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c)(1)(B).  Compliance with Rule 3, a jurisdictional requirement, must be construed liberally.  Smith v. Barry, 502 U.S. 244, 248, 112 S. Ct. 678, 681 (1992).  Where a notice of appeal designates specific portions of an order, we ordinarily assume the appellant did not intend to appeal the unmentioned portions of the order.  See Pitney Bowes, Inc. v. Mestre, 701 F.2d 1365, 1374 (11th Cir. 1983).  However, we may also "look to the record, including the parties' briefs, to determine the orders or parts thereof an appellant intended to appeal."  Nichols v. Ala. State Bar, 815 F.3d 726, 731 (11th Cir. 2016) (per curiam).

---

[5] In his response to our jurisdictional question, Stevens suggests that Federal Rule of Civil Procedure 54(b) and the collateral order doctrine both permit appellate review of his § 1983 claim, while allowing his ERISA claims to remain pending in the district court.  However, the district court never certified its order for immediate appeal as required under Rule 54(b).  See Clisby v. Jones, 960 F.2d 925, 938 n.17 (11th Cir. 1992) (en banc) ("Rule 54(b) certification requires an express determination that there is no just reason for delay." (quotation marks omitted)).  And Stevens may not invoke the collateral order doctrine because the dismissal of his complaint was not collateral to the merits of his action.  See Hertz Corp. v. Alamo Rent-A-Car, Inc., 16 F.3d 1126, 1131 n.11 (recognizing that a dismissal without prejudice is "not collateral to the main cause of action" (quotation marks omitted)).

A review of the record shows that Stevens intended to appeal only the dismissal of his § 1983 claim. To start, Stevens's notice of appeal indicated that the "Order being Appealed" was the "Order . . . dismissing with prejudice Plaintiff's Count VI, 42 [U.S.C.] Section 1983 claim." In a subsequent motion to stay proceedings in the district court, Stevens again said he was appealing "the order . . . dismissing with prejudice Plaintiff's . . . Section 1983 claim." Stevens's amended complaint also said his § 1983 claim was being addressed "on appeal," but made no similar comment about his ERISA claims. Finally, Stevens's opening appeal brief addresses only his § 1983 claim, and makes no mention of his ERISA claims. Indeed, the only relief requested in the brief is that the district court "vacate the order of the district court dismissing [Stevens's] § 1983 claim." On this record, we conclude that Stevens's "overriding intent" was to appeal only his § 1983 claim. Nichols, 815 F.3d at 730 (quotation marks omitted). We are, as a result, without jurisdiction to review the district court's dismissal of Stevens's ERISA claims.[6]

---

[6] Even if we were to grant review of Stevens's ERISA claims, we would agree with the district court that dismissal was warranted under the shotgun-pleading doctrine. A complaint constitutes an impermissible shotgun pleading when it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1323 (11th Cir. 2015). The ERISA claims in Counts I, II, and V are asserted against all defendants except for PNC, while the ERISA claims in Counts III and IV are asserted against all 18 named defendants. Group allegations of this sort constitute impermissible shotgun pleadings. Id.

**IV.**

The district court dismissed Stevens's § 1983 claim with prejudice after holding that Stevens had alleged civil rights violations against individuals and entities that could not plausibly be characterized as state actors. We agree.

To state a claim under § 1983, a plaintiff must plausibly allege (1) a deprivation of a federal right and (2) that the deprivation was committed under the color of state law. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50, 119 S. Ct. 977, 985 (1999). A defendant can only satisfy the second prong if "the party charged with the deprivation [was] a person who may fairly be said to be a state actor." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) (quotation marks omitted). "Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes." Id. To establish that a private party is a state actor, one of three conditions must be met:

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise ("nexus/joint action test").

Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (alterations adopted and quotation marks omitted).

10

Stevens's complaint alleges civil rights violations by a private sector labor union (Local 219), two private sector retirement funds (the Funds), twelve private individuals serving as administrators or trustees of those Funds, a private corporation (BeneSys), and a publicly traded bank (PNC). All defendants are private entities or individuals, and none of the three conditions are met for establishing that any of these private parties has acted under the color of state law. With respect to the state compulsion test, the complaint does not say that the State "significantly encouraged" the defendants' alleged constitutional violations. Rayburn, 241 F.3d at 1347. In fact, the complaint suggests the opposite, as it alleges the defendants "misle[d] federal regulatory agencies as part of [a] grand scheme to disenfranchise [A]frican [A]merican plan participants." Neither is the public function test met, because the administration of a private sector retirement fund has not "traditionally [been] the exclusive prerogative of the State." Id. at 1347. Finally, the complaint contains no allegations that the State and the defendants formed a "symbiotic relationship" or that the State "encourage[d] or sanction[ed]" the alleged constitutional violations, so the nexus test is not satisfied. Id. at 1348.

On appeal, Stevens does not respond to the district court's holding that his complaint failed to plausibly allege state action. Instead, he makes two arguments for why his § 1983 claim should not have been dismissed with prejudice. First,

11

Stevens contends his complaint could not have been dismissed for a failure to state a claim because it had already withstood the district court's frivolity review under 28 U.S.C. § 1915(e)(2)(B).  However, our court has held that "non-frivolous but weak cases" that survive frivolity review may nevertheless be subject to dismissal on a motion to dismiss.  See Cofield v. Ala. Pub. Serv. Comm'n, 936 F.2d 512, 515 (11th Cir. 1991).  Second, Stevens argues that because the district court considered his § 1983 claim to be an impermissible "shotgun pleading," he should have had an opportunity to replead his claim.  Stevens is correct that the district court considered his § 1983 claim, like the rest of his complaint, to be a shotgun pleading.  However, the court did not dismiss his § 1983 claim with prejudice because it was a shotgun pleading.  Instead, the court ruled that Stevens could not plausibly allege the defendants were state actors.  And as we explain above, there is no reason to believe Stevens could have plausibly alleged state action against these defendants in an amended complaint.

## V.

For these reasons, we **AFFIRM** the dismissal with prejudice of Stevens's § 1983 claim.

12